IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION – AKRON

| | |
|---|---|
| YANDELL HARDRICK<br>3428 Superior Park Drive<br>Cleveland Heights, OH 44118,<br><br>           PLAINTIFF,<br><br>    v.<br><br>LESTER GRAY TRUCKING<br>3071 Highway 34 East<br>Marmaduke, AR 72443<br><br>    and<br><br>JAMES O. ANDERSON<br>1201 Roberts Drive<br>Paragould, AR 72450,<br><br>           DEFENDANTS. | CASE NO.<br><br>JUDGE<br><br><br><br>**COMPLAINT**<br>(Jury demand endorsed hereon) |

Now comes Plaintiff, by and through undersigned counsel, and for this Complaint alleges the following:

### THE PARTIES

1. Plaintiff Yandell Hardrick, at all times relevant hereto, resided at 3428 Superior Park Drive, Cleveland Heights, OH 44118.

2. Defendant Lester Gray Trucking is a company organized and existing under the laws of the State of Arkansas, and at the time of the incident giving rise to this lawsuit, held a principal place of business at 3071 Highway 34 East, Marmaduke, AR 72443.

3. Defendant James O. Anderson is a resident and citizen of the State of Arkansas, and at all times relevant hereto, resided at 1201 Roberts Drive, Paragould, AR 72450.

## JURISDICTION

4. This Honorable Court has jurisdiction with respect to this lawsuit pursuant to 28 U.S.C. § 1332, in that diversity of citizenship exists between all the parties and the amount in controversy exceeds $75,000.00.

## VENUE

5. Venue is proper in this District and Division under 28 U.S.C. § 1391(b)(2), in that the tortious conduct at issue occurred in this District and Division.

## INTRODUCTION

6. This is a personal injury action brought by Plaintiff. Plaintiff brings this action for permanent injuries and damages he sustained arising from a truck versus pedestrian crash that occurred in Akron, OH, on October 13, 2021.

7. On October 13, 2021, in broad daylight at or around 5:00 p.m., Plaintiff was changing a tire on the right side of Interstate-77 northbound, off the road and to the right of all lane markings. At the same place and time, Defendant James O. Anderson was operating a commercial motor vehicle northbound on Interstate-77. As Defendant Anderson approached Plaintiff, Defendant Anderson went right of the lane markings, off the road, and struck Plaintiff.

8. The truck that struck Plaintiff was being driven on behalf of Defendant Lester Gray Trucking.

9. Paramedics were called and Mr. Hardrick was transported by emergency personnel to the hospital. At the hospital, Mr. Hardrick was diagnosed with a fractured ankle and open elbow fracture, among other injuries.

10. Mr. Hardrick has suffered and will continue to suffer immense permanent physical and mental pain and suffering. Mr. Hardrick has required and will continue to require medical treatment into the indefinite future, all to his physical, mental, and financial detriment. Mr. Hardrick has also suffered permanent vocational impairment, all to his financial detriment.

**FIRST CLAIM FOR RELIEF**
(Negligence Claims Against Defendant Williams and Lester Gray Trucking)

11. Plaintiff incorporates Counts 1-10 of the Complaint as if fully rewritten and restated herein.

12. Among other things, Defendant Williams negligently failed to:

    a. perform the required pre-trip, during-trip and post-trip vehicle inspection;

    b. inspect and repair all lights for the subject commercial motor vehicle;

    c. appropriately plan his route of travel;

    d. manage space around his vehicle;

    e. maintain reasonable and safe control of his vehicle;

    f. drive within a safe speed limit;

    g. keep a proper lookout;

    h. reasonably judge the closeness of Mr. Hardrick to his truck;

    i. reasonably visualize Mr. Hardrick on the side of the road;

    j. exercise caution while traveling on the roadway;

    k. drive at a speed that would allow him to avoid running into Mr. Hardrick;

    l. maintain an assured clear distance ahead;

    m. exercise due care;

    n. drive defensively;

    o. safely maneuver his commercial vehicle;

    p. remain reasonably alert;

    q. drive without confusion;

    r. drive without distraction;

    s. drive in compliance with the required hours-of-service;

    t. drive while not fatigued;

    u. drive while medically, physically and mentally fit; and,

    v. comply with the minimum safety standards required by the Federal Motor Carrier Safety Regulations.

13. Defendant Williams was negligent in the care, management and/or operation of his commercial motor vehicle.

14. Williams' wrongful conduct constitutes prima facie evidence of negligence and/or negligence per se and was the proximate cause of the collision with Plaintiff and the resulting harm and damage to Plaintiff.

15. At all times relevant hereto, Williams was an employee, agent, leased driver, and/or servant of Lester Gray Trucking and was acting in the course and scope of his agency and/or employment with Lester Gray Trucking, which is therefore responsible for the conduct of Williams under principles of *respondeat superior*.

16. At all times relevant hereto, the commercial motor vehicle described herein was operating under U.S. DOT# 1068265, registered to Lester Gray Trucking, which is therefore responsible for the conduct of Williams as a matter of law.

17. Irrespective of the employment/contractual relationship, Lester Gray Trucking is a motor carrier subject to Federal Motor Carrier Safety Administration (FMCSA) Regulations and State Regulations and is therefore responsible for the acts of Williams as a matter of law.

18. As a direct and proximate result of the Defendants' negligence and the negligence of Lester Gray Trucking's agents and employees, including but not limited to Williams, Plaintiff was caused to suffer serious injuries to his body, resulting in the need for medical care and treatment and which caused conscious pain and physical suffering, shock to his entire nervous and physical systems, and an inability to engage in his usual activities.

19. Plaintiff states that as a direct and proximate result of the Defendants' negligence, he has incurred hospital and medical expenses and will continue to incur medical expenses in an amount to be proven at trial.

20. Plaintiff further states that as a direct and proximate result of Defendants' negligence, he has sustained wage loss, vocational limitations, and a permanent impairment to his future earning capacity and is unable to engage and remains unable to engage in his usual occupation, thereby sustaining a loss of income in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for damages against the Defendants, jointly and severally, in a sum of money greater than $75,000.00, plus interest, costs and attorneys' fees.

## SECOND CLAIM FOR RELIEF
(Direct Liability Claims Against Lester Gray Trucking)

21. Plaintiff incorporates Counts 1-20 of this Complaint as if fully re-written herein.

22. The tractor and trailer involving in the subject crash constituted a commercial motor vehicle operated by and under the control of Williams, but was owned and/or leased by and under the control of Lester Gray Trucking, and was being used on behalf of and for the benefit of Lester Gray Trucking at all times relevant hereto.

23. The operation, maintenance, and control of the tractor and trailer was governed, licensed, supervised, and regulated by State and Federal regulations, pursuant to a certificate of

authority given to Lester Gray Trucking to operate such vehicles on designated routes and to carry goods for hire by the FMCSA and/or other governmental regulatory bodies.

24. Plaintiff further states that Lester Gray Trucking was negligent with respect to vehicle maintenance of the tractor and trailer, failing to equip the subject commercial motor vehicle with necessary safety equipment, including but not limited to proper lane assistance warnings and preventative braking systems and/or other safety equipment, that likely would have prevented the subject crash, and as such its wrongful conduct was a direct and proximate cause of the injuries and other losses sustained by Plaintiff, who is entitled to recover damages in an amount to be proven at trial.

25. In addition, Williams was not competent to operate the subject commercial motor vehicle at the time of the collision, which incompetence was known or should have been known by Lester Gray Trucking and/or its agents. As a consequence, Lester Gray Trucking was negligent in entrusting the commercial motor vehicle to Williams, which negligence was a direct and proximate cause of the injuries and other losses sustained by Plaintiff, all in an amount to be proven at trial.

26. Plaintiff further states that Lester Gray Trucking was negligent in hiring, training, supervising, dispatching, route management, route planning, and/or retaining Williams as a commercial motor vehicle driver, which resulted in creating a danger and hazard to the traveling public and anyone using public roadways, which wrongful conduct was a direct and proximate cause of the injuries and damages sustained by Plaintiff.

WHEREFORE, Plaintiff prays for damages against the Defendants, jointly and severally, in a sum of money greater than $75,000.00, plus interest, costs and attorneys' fees.

Respectfully submitted,

*/s/ Jeffrey M. Heller*

---
Jeffrey M. Heller (0087795)
NURENBERG, PARIS, HELLER &
MCCARTHY CO., L.P.A.
600 Superior Avenue E., Suite 1200
Cleveland, OH 44114
P: 216.621.2300
F: 216.771.2242
E: jheller@nphm.com

*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury with the maximum allowable jurors under the law.

Respectfully submitted,

*/s/ Jeffrey M. Heller*

---
Jeffrey M. Heller (0087795)
NURENBERG, PARIS, HELLER &
MCCARTHY CO., L.P.A.

*Attorney for Plaintiff*